UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD )<br>)<br>1669 Benedict Canyon Drive )<br>Beverly Hills, CA 90210, )<br>)<br>RYAN NOAH SHAPIRO )<br>12 James Way )<br>Cambridge, MA 02141, )<br>)<br>)<br>PLAINTIFFS )<br>vs. )<br>)<br>CENTRAL INTELLIGENCE AGENCY, )<br>Washington, DC 20505 )<br>)<br>)<br>DEFENDANT )<br>)<br>_____ ) | Judge _____<br>Civil Action No. _____ |

## **COMPLAINT**

## THE PARTIES

1.      Plaintiff Jason Leopold is a citizen of California residing at 1669 Benedict

Canyon Drive, Beverly Hills, CA 90210.

2.      Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James

Way, Cambridge, MA 02141.

3.      Mr. Leopold is an investigative journalist covering a wide-range of issues,

including Guantanamo, national security, counterterrorism, civil liberties, human rights, and

open government. His reporting has been published in *The Wall Street Journal*, *The Financial

Times*, *Salon*, *The Guardian*, *The Los Angeles Times*, *The Nation*, *Vice*, Truthout, Al Jazeera

English and numerous other domestic and international publications. Currently, he is a contributor to Al Jazeera America and is the editor-at-large for *The Public Record*.

4.      Mr. Leopold seeks access to certain public records to write a news report for distribution to the general public.  His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these records will be published and reprinted.

5.      Mr. Shapiro is a Ph.D. candidate in the Program in History, Anthropology, & Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology. He is an historian of the political functioning of national security and the policing of dissent.  Shapiro's research and analysis have been featured in, among numerous other outlets, *The Washington Post, The Los Angeles Times, The Wall Street Journal*, *The Associated Press, NPR, BBC, The Nation, Mother Jones, Democracy Now!, The Hill, McClatchy DC*, *PolicyMic, Fox News, The Daily Caller, The Afro-American, Salon,* and *Vice News*.  Additionally, Shapiro has been invited to present lectures pertaining to his research at numerous leading institutions, including Harvard Law School, Yale Law School, the City University of New York Law School, the Kennedy School of Government at Harvard University, the National Institutes of Health (NIH), and the Max Planck Institute for the History of Science (Berlin).

6.      Mr. Shapiro seeks access to certain public records to write popular news and/or scholarly articles for distribution to the academic and general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted.

7.      Defendant Central Intelligence Agency (CIA) is an agency of the United States.

8.      The CIA has possession, custody and control of the records Plaintiffs seek.

JURISDICTION AND VENUE

9.     This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

10.     This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

11.     Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

STATEMENT OF FACTS

**BACKGROUND**

12.     There is an ongoing dispute between the Central Intelligence Agency (CIA) and the Senate Select Committee on Intelligence (SSCI) over the SSCI's review of the CIA's former Detention and Interrogation Program.

13.     The CIA and SSCI reached an agreement which would permit SSCI staffers to review CIA documents at a secure CIA facility in Virginia.  A written agreement or series of agreements specified the parameters regarding the staffers' access to CIA documents.

14.     The CIA has alleged that SSCI staffers illegally removed a document known as the Panetta Internal Review.

15.     Senator Feinstein, Chair of the SSCI, has alleged that the CIA violated its written agreement with the SSCI and possibly violated criminal laws by searching SSCI computers located at the CIA facility in Virginia.

**PLAINTIFFS' FOIA REQUEST**

16.     On April 12, 2014, Plaintiffs sent a FOIA request to the CIA via First Class Certified Mail (70122920000142794952) requesting:

- A copy of all written agreements and correspondence between the SSCI (including Senators on the committee, their staff, and committee staff) and the CIA (or its agents, including contractors) which set forth the terms under which SSCI staffers would be permitted to access CIA documents at the secure CIA facility in Virginia

- All records documenting any CIA investigation into the search of SSCI's computers at the secure facility in Virginia, including any records generated by the CIA's Inspector General in the course of any investigation; records referring the incident(s) to the Department of Justice for investigation; and correspondence between the SSCI (including Senators on the committee, their staff, and committee staff) and the CIA (or its agents, including contractors) which discuss the event

- All records documenting any CIA investigation into the removal of the Panetta Review, including any records generated by the CIA's Inspector General in the course of any investigation; records referring the incident(s) to the Department of Justice for investigation; and correspondence between the SSCI (including Senators on the committee, their staff, and committee staff) and the CIA (or its agents, including contractors) which discuss the event

- A copy of the contract, the request for proposal, proposal, bid solicitation, and bid for any CIA contractor responsible for reviewing records relating to the CIA's former Detention and Interrogation Program before access was provided to SSCI staff

- A copy of any and all talking points (in draft and final form), and any and all guidance issued to the CIA's Office of Public Affairs, about the ongoing dispute between the Central Intelligence Agency (CIA) and the Senate Select Committee on Intelligence (SSCI) over the SSCI's review of the CIA's former Detention and Interrogation Program

17.     In their request to the CIA, Plaintiffs requested expedited processing and a fee waiver.

18.     According to the records of the U.S. Postal Service, the CIA received Plaintiffs' FOIA request on April 16, 2014.

19.     On April 24, 2014, Plaintiffs received a communication from the CIA acknowledging receipt, and separately assigning a tracking number to Mr. Leopold (F-2014-01381) and Mr. Shapiro (F-2014-01382). This communication denied Plaintiffs' request for expedited processing but provided no ruling on their request for a fee waiver.

**DEFENDANT'S FAILURE TO RESPOND TO PLAINTIFFS' FOIA REQUEST**

20.     The CIA's response to Plaintiffs' request was due twenty calendar days after the CIA received it on April 16, 2014, which would have been May 14, 2014.

21.     As of the filing of this Complaint, Plaintiffs have not received a response to their FOIA request to the CIA with a determination as to whether the CIA will disclose the requested record.

COUNT I:
VIOLATION OF FOIA

22.     This Count realleges and incorporates by reference all of the preceding paragraphs.

23.     Plaintiffs are entitled to expedited processing on their request to the CIA.

24.     Defendant has violated FOIA by denying Plaintiffs' request for expedited processing.

25.     Plaintiffs have been and will continue to be irreparably harmed until Defendant is ordered to grant Plaintiffs' request for expedited processing on their FOIA request.

26.     Defendant has also violated FOIA by improperly withholding the requested records.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiffs are entitled to expedited processing of their FOIA request;

(3) Order Defendant to process the requested records without further delay and release all

nonexempt portions to Plaintiffs without charging Plaintiffs fees;

(4) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in

this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*