**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JASON LEOPOLD and RYAN NOAH SHAPIRO, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 1:14-cv-01056 (JEB) ) ) ) ) ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Admit.

8. Paragraph 8 consists of legal conclusions to which no response is required.

9. Admit that Plaintiff purports to bring this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The remainder of paragraph 9 consists of legal conclusions to which no response is required.

10. Paragraph 10 consists of legal conclusions to which no response is required.

11. Paragraph 11 consists of legal conclusions to which no response is required.

12. This paragraph contains Plaintiffs' characterizations of a "dispute" between the CIA and SSCI, to which no response is required. To the extent a response is required, denied.

13. Deny, except to admit that following discussions with SSCI, the CIA and SSCI reached an inter-branch accommodation, under which the CIA established a secure electronic reading room at an Agency facility where designated SSCI personnel could review the highly classified materials that would form the basis of SSCI's review of the CIA's former detention and interrogation program.

14. This paragraph contains Plaintiff's characterization of allegations purportedly made by the CIA, to which no response is required. To the extent a response is required, deny.

15. This statement contains Plaintiffs' characterization of statements by Senator Feinstein, Chair of SSCI, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that Senator Feinstein's statements speak for themselves, and respectfully refers the Court to those statements for a complete and accurate statement of their contents.

16. Admit that on April 17, 2014, the CIA received a FOIA request dated April 11, 2014, and submitted on behalf of Jason Leopold and Ryan Noah Shapiro. The remainder of this paragraph contains Plaintiffs' characterization of their FOIA request, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the request speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

17. This paragraph contains Plaintiffs' characterization of their FOIA request, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the request speaks for itself, and respectfully refers the Court to that request for a complete and accurate statement of its contents.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18; admit that the CIA office of the Information and Privacy Coordinator received Plaintiffs' FOIA request on April 17, 2014.

19. Admit that by letter dated April 24, 2014, Michele Meeks, the CIA's Information and Privacy Coordinator, acknowledged receipt of Plaintiffs' FOIA request. The remainder of this paragraph contains Plaintiffs' characterization of that letter, to which no response is required. To the extent that a response is required, Defendant denies the allegations on the ground that the letter speaks for itself, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

20. Paragraph 20 consists of legal conclusions to which no response is required.

21. Admit that the CIA has not responded substantively to Plaintiffs' FOIA request.

22. Defendant incorporates by reference its responses to all of the preceding paragraphs.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

The remainder of the complaint sets forth Plaintiffs' request for relief, to which no response is required.

Defendant hereby denies all allegations not expressly admitted or denied.

WHEREFORE, having fully answered, Defendant asserts that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and requests that Defendant be given such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendant objects to the Complaint to the extent that answering it imposes obligations upon it that exceed those imposed by the FOIA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compel the production of records that are not required by FOIA, or are protected from disclosure pursuant to applicable exemptions.

Dated:  August 13, 2014

        Respectfully submitted,

        STUART F. DELERY
        Assistant Attorney General

        RONALD C. MACHEN, Jr.
        United States Attorney

        ELIZABETH J. SHAPIRO
        Deputy Branch Director
        Civil Division

        */s/ Vesper Mei*
        VESPER MEI (D.C. Bar 455778)
        Senior Counsel
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave, NW
        Washington, D.C.  20530
        Telephone:  (202) 514-4686
        Fax:  (202) 616-8470
        E-mail: vesper.mei@usdoj.gov

        ***Counsel for the Defendant***