UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*, | ) |
| PLAINTIFFS | ) Civil Action No. 1:14-cv-1056 (JEB) |
| vs. | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| DEFENDANT | ) |

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs respectfully request that the Court grant them leave to amend the Complaint to add claims for two related FOIA requests. The grounds for this motion are set forth in the accompanying Memorandum. Pursuant to LCvR 7(m), undersigned counsel has conferred with counsel for Defendant who does not consent to the relief sought in this motion.

Respectfully Submitted,

 /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*

Dated: October 28, 2014

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*,<br><br>    PLAINTIFFS<br>vs.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>    DEFENDANT | Civil Action No. 1:14-cv-1056 (JEB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. R. 15(a)(2). The D.C. Circuit has instructed that Rule 15 provides a "liberal standard" and, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments … [or] futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (alterations in original). "In most cases delay alone is not a sufficient reason for denying leave…. If no prejudice [to the non-moving party] is found, the amendment will be allowed." *Caribbean Broad. Sys., v. Cable & Wireless PLC*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (alterations in original).

Plaintiffs seek to amend the Complaint to add two FOIA requests that are closely intertwined with the request that is already the subject of this lawsuit. In the FOIA request currently at issue, Plaintiffs sought a variety of records related to the dispute

between the SSCI and the CIA over the SSCI's preparation of the RDI report and the referrals to the Department of Justice that resulted from the dispute. (Compl. ¶ 16.) After further details about the dispute were revealed in news reports, Plaintiffs submitted follow-up FOIA requests to the CIA and DOJ requesting related documents.

The FOIA requests that Plaintiffs seek to add to this lawsuit are closely intertwined with the existing request. The follow-up request to the CIA seeks further records relating to the dispute (Am. Comp. ¶ 23), and the request to the DOJ seeks further records on the referral to the Department of Justice that resulted from the dispute (Am. Comp. ¶ 26).

Courts in FOIA cases routinely grant the type of motion to amend sought by Plaintiff here: "in FOIA cases, leave to amend has been granted so that further requests for documents could be added. *See, e.g., Spannaus v. Department of Justice*, 262 App. D.C. 325, 824 F.2d 52 (D.C. Cir. 1987); *Public Law Education Institute v. Department of Justice*, 240 App. D.C. 166, 744 F.2d 181 (D.C. Cir. 1984); *LaRouche v. Webster*, No. 75 Civ. 6010 (S.D.N.Y. October 23, 1984)." *Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544 (D.D.C. 1991). The primary issue in deciding whether to allow additional FOIA requests to be litigated is whether the new request "substantive relationship," or merely "bears no more than a tangential relationship to the original action[.]" *Id.* It certainly cannot be said that the FOIA requests which Plaintiffs seek to add to this lawsuit "bear[] no more than a tangential relationship" to the original request, given that they both pertain to the same subject matter and likely involve overlapping documents and exemptions. They also pertain to the same historical events.

Plaintiffs could not have brought a claim for these additional requests at the time the present lawsuit was filed because his additional requests had not yet been administratively exhausted. Plaintiffs submitted the additional requests promptly upon learning of new details about the dispute. Not only has briefing has not even begun in this case, the CIA has not even finished processing the request that is currently at issue in this lawsuit.

If leave to amend is denied, Plaintiffs will need to file a new suit, note it as a related case, and have a fourth related case to add to the docket. This would also lead to the parties arguing, and the court reading, an additional set of summary judgment arguments.

Plaintiffs did not delay for any reasons of bad faith, and acted diligently to bring this related matter before the Court. For the foregoing reasons, Plaintiffs respectfully requests leave to amend their Complaint.

Respectfully Submitted,

  /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiffs*